UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON WAYNE JONES III,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Criminal Case No. 17-CR-1370-AJB<br>Civil Case No. 19-CV-1300-AJB<br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**(Doc. No. 164)** |

Petitioner Don Wayne Jones III ("Jones") moves under 28 U.S.C. § 2255 ("Section 2255") to Vacate, Set Aside, or Correct his Sentence. (Doc. No. 164.) The United States filed an opposition to the Section 2255 motion, and Jones replied. (Doc. Nos. 225, 235.) For the reasons discussed below, the Section 2255 motion is **DENIED**.

**I.   BACKGROUND**

On April 17, 2018, Jones III waived indictment and pled not guilty to the Superseding Information charging him with three counts of obstructing, delaying, and affecting commerce, and the movement of articles and commodities in commerce by robbery, in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"), and two counts of aiding and abetting the use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). (Doc. No. 53.) On April 17, 2018, Jones and the United

States entered into a plea agreement ("the Plea Agreement"). (Doc. No. 52.) As set forth in the Plea Agreement, Jones agreed to waive appeal and collateral attack of both the conviction and sentence. (*Id.* at 14.) On April 17, 2018, the Honorable William V. Gallo presided over Jones's change of plea hearing. (Doc. No. 55.) After being satisfied that the plea was knowing and voluntary, Judge Gallo accepted Jones's plea.

At the sentencing phase, the parties jointly recommended that the Court sentence Jones to 1 day in custody to run concurrent for the three robbery counts (Counts 1-3), 60 months on Count 4 to run consecutive to Counts 1-3, and 5, and 300 months on Count 5 to run consecutive to Counts 1-4. On July 9, 2018, this Court adopted the parties' guideline calculation and sentenced Jones as the parties had jointly recommended. (Doc. No. 73, 78.)

On July 7, 2019, Jones filed a motion under 28 U.S.C. § 2255 based on ineffective assistance of counsel. (Doc. No. 126.) On July 15, 2019, this Court ordered that the United States to respond to Jones' motion. On September 12, 2019, Jones filed a motion for an extension to file an amendment. (Doc. No. 138.) On December 20, 2019, the Court granted Jones' motion and provided him 45 days to file an amended motion to vacate. (Doc. No. 141.) On February 5, 2020, Jones filed an amended motion to vacate. (Doc. No. 164.) On June 16, 2020, Jones filed an additional supplemental claim to his amended motion, arguing that his conviction under 18 U.S.C. § 924(c) was unconstitutional as determined by the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. No. 214.) The United States responded on July 16, 2020, and Jones replied on January 4, 2021. (Doc. Nos. 225, 235.) This order follows.

## II. DISCUSSION

Under Section 2255, a petitioner is entitled to relief if the sentence (1) was imposed in violation of the Constitution or the laws of the United States, (2) was given by a court without jurisdiction to do so, (3) was in excess of the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). Here, although Jones initially claimed ineffective assistance of counsel, Jones concedes in his reply brief that "both of his

ineffective assistance of counsel claims fail and as such deserves no ruling." (Doc. No. 235 at 8.) Based on Jones's own concession, the Court will only focus on Jones's supplemental claim that his conviction under 18 U.S.C. 924(c) is unconstitutional under *United States v. Davis*. *See* 139 S. Ct. 2319 (2019). In brief, Jones argues his conviction and sentence cannot stand in light of *Davis*, a case decided by the Supreme Court **after** Jones's sentencing. (Doc. No. 235 at 4.) The Supreme Court held in *Davis* that a portion of Section 924(c) was unconstitutionally vague. *See* 139 S. Ct. at 2336. Thus, Jones's theory is that his conviction and sentence is no longer constitutional as the statute Jones was charged under is no longer valid.

### A. Waiver

As a preliminary matter, the Court will first determine whether Jones waived any right to challenge his conviction or sentence on constitutional grounds. As part of his Plea Agreement, Jones waived both the right to appeal and the right to collaterally attack his conviction and sentence. (Doc. No. 52 at 14.) The Plea Agreement only provided an exception for collateral attacks based on ineffective assistance of counsel arguments. (*Id.*) Based on this, the United States argues that Jones waived his right to collaterally attack his sentence. (Doc. No. 225 at 9.)

However, the Court disagrees with the United States that Jones waived his right to collaterally attack his conviction and sentence on constitutional grounds. A waiver will generally not apply if the defendant's sentence is "illegal, which includes a sentence that violates the Constitution." *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) (internal quotation marks omitted). Here, if Jones were to prevail on his argument that § 924(c) is void as held in *Davis*, his sentence would violate the Constitution. As a result, Jones did not waive this challenge to his conviction and sentence.

### B. Statute of Limitations

The Court next turns to whether Jones's supplemental claim is timely. The Anti–Terrorism and Effective Death Penalty Act amended 28 U.S.C. § 2255 by providing for a

one-year limitation period for prisoners to file motions under § 2255. The section states, in pertinent part:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The United States contends Jones's supplemental claim filed on June 16, 2020 is barred by the statute of limitations. (Doc. No. 225 at 5.) The United States explains that under 28 U.S.C. § 2255(f)(1), a Section 2255 motion must be filed within one year from the date the conviction becomes final. Here, Jones was sentenced on July 9, 2018, and so, the supplemental claim filed on June 16, 2020 is time-barred, the United States claims. The United States is incorrect. As Jones points out in his reply brief, (Doc. No. 235 at 1), because Jones challenges his conviction based new authority issued after his sentence, 28 U.S.C. § 2255(f)(3) applies. Under 28 U.S.C. § 2255(f)(3), the inquiry is whether *Davis* has been "made retroactively applicable to cases on collateral review." The Court concludes it has. Indeed, numerous courts have similarly held that *Davis* is to be applied retroactively. *See, e.g.*, *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019) (concluding that *Davis* announced "a new constitutional rule that is retroactive on collateral review"); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (same); *In re Hammond*, 931 F.3d 1032, 1039 (11th Cir. 2019) (same); *see Goetz v. Warden, FCI Lompoc*, No. CV 19-5752-CJC (JEM), 2020 WL 5665667, at *5 (C.D. Cal. Aug. 24, 2020), report and recommendation adopted, No. CV 19-5752-CJC (JEM), 2020 WL 5658712

(C.D. Cal. Sept. 23, 2020). Therefore, because the statute of limitations began to run on June 24, 2019, the date the Supreme Court issued the *Davis* opinion, Jones's supplemental claim filed on June 16, 2020 is within a year, and timely.

### 1. Merits of Jones's Supplemental *Davis* Claim

Lastly, the Court will address the merits of Jones's claim. In Jones's supplemental claim, he argues that his two convictions under Section 924(c) must be vacated in light of *Davis*. Section 924(c)(1) prohibits, in relevant part, the using or carrying of a firearm "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1); *United States v. Routon*, 25 F.3d 815, 817 (9th Cir. 1994). A "crime of violence" for purposes of § 924(c)(1) is defined in one of two ways—through either the "elements clause" of 18 U.S.C. § 924(c)(3)(A) or the "residual clause" of 18 U.S.C. § 924(c)(3)(B). *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018). *Davis* declared that § 924(c)(3)(B), the "residual clause," was unconstitutionally vague. *See Davis*, 139 S.Ct. at 2336; *United States v. Burke*, 943 F.3d 1236, 1238 (9th Cir. 2019). Thus, if Jones's conviction and sentence were dependent on the application of § 924(c)(3)(B), his arguments and reliance on *Davis* would have merit. However, the "crime of violence" that supports Jones's conviction is Hobbs Act robbery, 18 U.S.C. § 1952. Jones contends that Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). Jones is wrong. The Ninth Circuit has recently reiterated that both attempted and completed Hobbs Act robbery qualify as crimes of violence under the elements clause. *See United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020). The Ninth Circuit's recent decision is also in accord with all its sister circuits. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 106–09 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *In re St. Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016). *See also, e.g., United States v. Robinson*, 844 F.3d 137, 141–44 (3d Cir.

2016). While Jones seeks to argue that Hobbs Act robbery is not a crime of violence, the Court is bound by clear Ninth Circuit precedent. Therefore, to the extent Jones contends that this Court should hold that Hobbs Act robbery is not a crime of violence, that argument is rejected.

Again, *Davis* does not impact the § 924(c)(3)(A) elements clause. *See United States v. Nikolla*, 950 F.3d 51, 53 n.4 (2d Cir. 2020). Although the residual clause under § 924(c)(3)(B) has been held to be unconstitutionally vague, Hobbs Act robbery remains an elements-clause crime of violence. Therefore, Jones's charge and conviction under § 924(c) has not been rendered unconstitutional by *Davis*.

## III. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal the denial of a Section 2255 habeas relief unless he first receives a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Jones has not made a substantial showing of the denial of a constitutional right. The Court therefore **DENIES** Jones a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Jones's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The Court also **DENIES** a certificate of appealability.

IT IS SO ORDERED.

Dated: May 4, 2021

Hon. Anthony J. Battaglia
United States District Judge